UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-81178-Civ-Middlebrooks/Brannon

NATIONAL LABORATORIES, LLC,
THE LUKENS INSTITUTE, LLC, and
TREASURE COAST RECOVERY, LLC,

    Plaintiffs/Counter-Defendants,

v.

UNITEDHEALTH GROUP, INC.,
UNITED HEALTHCARE SERVICES, INC.,
UNITEDHEALTHCARE INSURANCE COMPANY,
UNITED HEALTHCARE SERVICES LLC,
OPTUM, INC., and GOLDEN RULE INSURANCE
COMPANY,

    Defendants/Counter-Plaintiffs,

v.

NATIONAL LABORATORIES, LLC,
THE LUKENS INSTITUTE, LLC,
TREASURE COAST RECOVERY, LLC,
TREATMENT MANAGEMENT COMPANY, LLC,
WELLNESS COUNSELING AND RESIDENTIAL
DETOXIFICATION, LLC, SUNSHINE DOCTORS
GROUP, LLC, and AID IN RECOVERY, LLC,

    Counter-Defendants.
_____/

**REPORT RECOMMENDING IMPOSITION OF SANCTIONS**
**FOR ADMITTED NON-COMPLIANCE WITH COURT ORDER**

THIS CAUSE is before the Court on an Order to Show Cause and Referring Motion to Judge Brannon [DE 302] for a hearing and report on the appropriateness of sanctions, up to and including civil contempt. The referred Motion for Sanctions [DE 288] is fully-briefed [DE 325, 327], and the Court held a hearing on August 8, 2018.

1

Being duly advised, the Court recommends that Plaintiffs be sanctioned for their admitted non-compliance with the Court's Order of July 20, 2018.

I.     **BACKGROUND**

This case is spiraling at a dizzying pace. As of the date of this Order, there are 19 pending motions and 335 docket entries. Discovery has been contentious and protracted. The Court has already spent considerable time and resources overseeing this case, holding hearings, and resolving dozens of motions that have been filed. Trial is set to commence in slightly over five weeks. In a nutshell, Plaintiffs have raised a series of claims alleging that Defendants are liable to them for over $100 million in connection with roughly 1,000 unprocessed insurance claims. Defendants have answered with denials and counterclaims for alleged violations of Florida law and unjust enrichment in connection with the same insurance claims.

This Court is presently tasked only with consideration of Defendants' Motion for Sanctions [DE 288] based on Plaintiffs' failure to comply with the Court's Order Granting Defendants' Motions to Compel [DE 249]. The relevant Order, dated July 20, 2018, compelled Plaintiffs to produce certain responsive discovery to Defendants by July 27, 2018 based on a finding that Plaintiffs had asserted nothing other than general, boilerplate objections with no clear basis and with no sign of a good-faith attempt to comply with the discovery rules.

Defendants contend that Plaintiffs did not comply with the Court's Order and move for sanctions, including a finding of civil contempt and an award of attorney's fees and costs. In response, Plaintiffs candidly admitted to not complying with the Order's deadline of July 27, 2018. As justification, Plaintiffs maintain that this deadline proved

impossible to meet given the volume of discovery involved and the necessity for Plaintiffs to act on other pending, time-sensitive matters. Plaintiffs' counsel admitted at the hearing, however, that Plaintiffs did not timely move for any continuance or otherwise seek relief from the Court.

## II. DISCUSSION

Federal Rule of Civil Procedure 37(b)(2) grants the court broad authority in sanctioning a party for failure to comply with a court order to provide discovery, including striking pleadings and dismissing an action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A); *Gratton v. Great Am. Commc'n*, 178 F.3d 1373, 1374 (11th Cir. 1999). The Court may also treat "as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A)(vii). District courts have broad discretion to fashion appropriate sanctions for violations of discovery orders. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). However, sanctions are not generally warranted where a party has shown that it made all reasonable efforts to comply with the court's order. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1050 (11th Cir. 1994).

Rule 37 outlines numerous sanctions a court may impose against uncooperative parties for the failure to comply with a court order or the failure to provide responses to discovery. Fed. R.Civ. P. 37(b)(2)(A)(i-vii); *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006) ("[f]ederal courts have the inherent power to impose sanctions on parties, lawyers, or both" when a party delays or disrupts the litigation). Possible sanctions include striking pleadings, dismissing the action, prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing

designated matters into evidence, or awarding attorney's fees and costs to the moving party. Fed. R. Civ. P. 37(b)(2), (d); *Goodman–Gable–Gould Co. v. Tiara Condo. Ass'n, Inc.*, 595 F.3d 1203, 1211 (11th Cir. 2010) (district court did not abuse its discretion in excluding evidence a party sought to introduce at trial based on party's discovery violations); *Aztec Steel Co. v. Florida Steel Corp.*, 691 F.2d 480, 481 (11th Cir. 1982) ("When a party demonstrates a flagrant disregard for the court and the discovery process, however, dismissal is not an abuse of discretion."); *McDaniel v. Bradshaw*, 2011 WL 2470519, at *3 (S.D. Fla. June 20, 2011), *aff'd*, *McDaniel v. Sheriff of Palm Beach Cty.*, 491 Fed. Appx. 981 (11th Cir. 2012) (precluding plaintiff from introducing any documents that the Court required him to produce and which were not produced by the court-ordered date for production).

Here, sanctions are warranted. Plaintiffs have admitted that they did not comply with the Court's Order. This failure to comply was not reasonable or justified. Plaintiffs argue that it was not possible to comply with the Order. But this argument is unpersuasive given Plaintiffs' failure to timely file an appropriate motion with the Court seeking relief.

While the Court is not prepared to recommend the nuclear options of contempt or dismissal, the Court finds the striking of a pleading to be an appropriate sanction for Plaintiff's admitted failure to timely produce discovery as ordered. Defendants claim that Plaintiffs' late and disorganized disclosures have prejudiced Defendants' ability to effectively respond to Plaintiffs' Motion for Summary Judgment [DE 232]. This Court agrees. It is uncontested that Plaintiffs produced additional discovery material to Defendants after business hours on August 3, 2018, after the instant Motion for Sanctions was filed and the day that Defendants' response to Plaintiffs' summary judgment motion

was due. Then, on August 8, 2018, when the parties appeared before this Court for a hearing, it became evident that the discovery disclosures at issue in the Court's July 20, 2018 Order had been produced to Defendants in an unworkable and disorganized format. Plaintiffs essentially conceded as much by offering to re-produce the materials in a "metadata overlay" format to facilitate an easier review. The Court ordered that to be done immediately. Under these circumstances, rather than hold Plaintiffs in contempt as requested by Defendants, the Court finds a more appropriately-tailored sanction to be the striking of Plaintiffs' Motion for Summary Judgment [DE 232] under the authority of Rule 37.

The Court further finds that Defendants are entitled to recover their reasonable attorney's fees and costs. Under Rule 37(b)(2)(C), if a party "fails to obey an order to provide or permit discovery," "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). As addressed above, Plaintiffs' failure to comply with the Court's Order of July 20, 2018 was not substantially justified, nor are there other circumstances making an award of Defendants' reasonable expenses, including attorney's fees, unjust.

### III. RECOMMENDATION

Based on Plaintiffs' unjustifiable non-compliance with the Court's Order of July 20, 2018 [DE 249], the Court **RECOMMMENDS** that:

(1) Defendants' Motion for Sanctions [DE 288] be **GRANTED IN PART AND DENIED IN PART**;

5

(2)   Plaintiffs' Motion for Summary Judgment [DE 232] be **STRICKEN WITH PREJUDICE**;

(3)   Defendants be **AWARDED** its reasonable attorney's fees and costs incurred in bringing its Motion for Sanctions [DE 288]; and

(4)   All parties be ordered to comply in good faith with the Federal Rules of Civil Procedure, the Local Rules of Court, and the orders of this Court going forward or risk the imposition of sanctions, which may include civil contempt, striking of additional pleadings, or dismissal of claims with prejudice.

## IV.   <u>NOTICE OF RIGHT TO OBJECT; SHORTENED OBJECTIONS PERIOD</u>

Given the swiftly-approaching trial date, the Court is shortening the period for the filing of objections. A party shall serve and file written objections, if any, to this Report and Recommendation with U.S. District Donald M. Middlebrooks, by or before August 15, 2018. *See* 28 U.S.C. § 636(b)(1)(C). Any response to objections shall be filed by August 17, 2018. Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. *See LoConte v. Dugger,* 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)

**DONE AND RECOMMENDED** in Chambers at West Palm Beach in the Southern District of Florida, this 9th day of August, 2018.

*[signature: Dave Lee Brannon]*
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE